Carl William **WOLF**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 676–69.

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1970.

Rehearing Denied Oct. 2, 1970.

444

Russ W. Bond, Denver, Colo., for appellant.

Nathan G. Graham, U. S. Atty., Tulsa, Okl. (Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., with him on the brief), for appellee.

Before LEWIS, Chief Judge, PICKETT, Senior Circuit Judge, and SETH, Circuit Judge.

PICKETT, Senior Circuit Judge.

On January 9, 1968 Wolf and a co-defendant were charged in the United States District Court for the Northern District of Oklahoma with bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Wolf appeared for arraignment with his attorney and entered a plea of guilty. The probation officer's presentence report indicated that Wolf had a long history of mental instability, whereupon Wolf's counsel, prior to sentencing, requested a psychiatric examination "not for the purpose of determining his competency * * * but to be used by the Court in mitigation or in determining just exactly what kind of a sentence this man should have." Purporting to utilize the provisions of 18 U.S.C. § 4208(b), the court ordered that Wolf be taken to the United States Medical Center at Springfield, Missouri for mental examination before sentencing. This is the procedure provided for in 18 U.S.C. § 4244. After receipt of the report from attending physicians, the court sentenced Wolf to a period of ten years' imprisonment under 18 U.S.C. § 4208(a) (2).

Upon the filing of this 28 U.S.C. § 2255 motion alleging that at the time Wolf entered his plea he was mentally incompetent and his plea was therefore involuntary, the court ordered further psychiatric examination and report. Thereafter Wolf was accorded a full evidentiary hearing at which the only testimony was that of the chief psychiatrist from the Medical Center for Federal Prisoners at Springfield, Missouri where various examinations had been made. The psychiatrist testified that, in his opinion, Wolf was fully competent throughout all the proceedings. The motion was denied. Wolf here contends that the facts before the district court at the time of his sentencing disclosed information adequate to raise a "bona fide doubt" as to his competence to enter a plea, therefore requiring the court to hold a due process hearing on such issue prior to accepting the plea.

■■■■ The test of mental competency at the time of trial or the entering of a plea in a criminal case is that the accused have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed. 2d 824 (1960). Furthermore, where the evidence before the court raises a "bona fide doubt" as to the defendant's competency to stand trial or enter a plea, the court must conduct a due process hearing to determine the defendant's competency for such purposes. Pate v.

Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense. Hall v. United States, 410 F.2d 653 (4th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436; Wheeler v. United States, 404 F.2d 252 (8th Cir. 1968).

In addition to defense counsel's request that Wolf be given a mental examination prior to sentence, the court was confronted with a presentence report of its probation officer detailing hospitalization and treatment for mental disorders dating back to Wolf's discharge from the military services of the United States in 1947 for psychiatric disability. With this background the court recognized that there was reasonable cause to believe that Wolf might not be mentally able to aid and assist in his defense nor to understand the nature of the proceedings against him, and that further psychiatric examination was necessary before sentencing. Wolf was thereupon transferred to the Springfield, Missouri Medical Center for this purpose. Upon receipt of a report of the findings resulting from this examination a ten-year sentence was imposed under the provisions of 18 U.S.C. § 4208(a). The sentence directed that Wolf be returned to the Medical Center for further treatment.

The procedure followed by the court prior to the sentencing was that contemplated by 18 U.S.C. § 4244. The purpose of the examination authorized by this section is to provide a procedure for the determination of the competency of an accused to waive his constitutional rights and to plead to the charges against him or to stand trial. Hall v. United States, *supra*; Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969), cert. denied, 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137; Manning v. United States, 371 F.2d 811 (10th Cir. 1967), cert. denied, 387 U.S. 924, 87 S.Ct. 2041, 18 L.Ed.2d 980. The record discloses that the court before sentencing was particularly careful to make certain that Wolf was mentally competent at the time of arraignment and sentence. Throughout all the proceedings after arrest no one, including Wolf or his counsel, has contended or testified that Wolf was not mentally competent to knowingly and voluntarily enter a plea to the charges against him or to aid and assist in his defense. The entire record shows that due process requirements were satisfied. Cf. Wolcott v. United States, *supra*.

At the evidentiary hearing held on Wolf's § 2255 motion the court denied Wolf's motion to be furnished, without cost, a transcript of the documents and proceedings before the trial court. Wolf contends that such denial by the court was an abuse of discretion and prejudicial error. Since Wolf in his § 2255 motion was attacking only his competency to plead, only those portions of the transcript dealing with his psychiatric examinations were relevant to his preparation for the hearing. Several continuances were granted to afford Wolf's counsel an opportunity to present medical and psychiatric testimony and documents, including all matters before the court at the time of sentencing which had a bearing on Wolf's alleged incompetency. Furthermore, the right of cross examination by Wolf's counsel of the sole witness at the § 2255 hearing was freely exercised. In reviewing the record of the district court at sentencing, as well as that of the proceedings on the § 2255 motion, we conclude that the denial of Wolf's motion to be furnished a transcript was neither an abuse of discretion nor prejudicial. See Smith v. United States, 413 F.2d 975 (10th Cir. 1969), cert. denied, 396 U.S. 932, 90 S.Ct. 273, 24 L.Ed.2d 231. See also United States ex rel. Kranz v. Humphrey, 174 F.2d 741 (3d Cir. 1949), cert. denied, 337 U.S. 948, 69 S.Ct. 1508, 93 L.Ed. 1750.

Affirmed.