**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas VOWTERAS and Nestor**
**Vowteras, Appellants,**

**No. 1170, Docket 74–1412.**

United States Court of Appeals,
Second Circuit.

Argued June 28, 1974.

Decided July 18, 1974.

Jacob P. Lefkowitz, New York City (Theodore Krieger, New York City, on the brief), for appellants.

Paul B. Bergman, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Raymond J. Dearie, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE and FEINBERG, Circuit Judges, and PALMIERI, District Judge.*

**PER CURIAM:**

The alleged errors stem from two essential claims: first, that the joint representation of the two appellant brothers by the same trial attorney was improper and second, that Nestor Vowteras was incompetent to stand trial and that his alleged incompetence should have required a hearing under 18 U.S.C. § 4244 and should now require a new trial.

We reject both contentions.

■ Because of the recently decided case of United States v. DeBerry, 487 F.2d 448 (2d Cir. 1973), the Government raised both with the court and counsel its concern with the joint representation at trial of the two defendants. The matter was carefully examined by the trial judge prior to trial on two separate occasions [1] and both appellants as well as their attorney uniformly expressed their desire for joint representation by single counsel.[2] Not content with their unequivocal statements on the record, the court conducted *in camera* proceedings with the same result. The defendants, as well as their attorney, were fully advised of the facts underlying the potential conflict [3] and they cannot now repudiate their choice in the absence of a credible showing of "some specific instance of prejudice, some real conflict of interest, resulting from a joint representation. . . ." United States v. Lovano, 420 F.2d 769, 773 (2d Cir.), cert. denied, 397 U.S. 1071, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970).[4]

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. *See* United States v. DeBerry, 487 F.2d 448, 452–454 (2d Cir. 1973); United States v. Alberti, 470 F.2d 878, 881–882 (2d Cir. 1972), cert. denied, 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973); United States v. Foster, 469 F.2d 1, 5 (1st Cir. 1972), *cited with approval in* United States v. DeBerry, *supra*, 487 F.2d at 453–454 n. 6.

2. *See* United States v. Sheiner, 410 F.2d 337, 342 (2d Cir. 1969) *cited in* United States v. DeBerry, 487 F.2d 448, 455 (2d Cir. 1973) (Moore, J., dissenting).

3. *See* Morgan v. United States, 396 F.2d 110, 114 (2d Cir. 1968).

4. *See also* United States v. DeBerry, 487 F.2d 448, 452–453 (2d Cir. 1973); United States v. Alberti, 470 F.2d 878, 881 (2d Cir. 1972), cert. denied, 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973). Compare United States v. Paz-Sierra, 367 F.2d 930, 932–933 (2d Cir. 1966), Nicholas Vowteras, who was ultimately acquitted on two counts, claims prejudice in that he would never have gone to trial with his attorney also representing an incompetent. Regardless of the merit of this argument, and accepting, contrary to persuasive reasons for believing otherwise, that prior to the trial he did not know of his brother's long history of psychiatric treatment, this claim is vitiated in that (a) his attorney knew of that history and (b) in any event some three months before

■ With respect to the matter of the alleged incompetence of Nestor Vowteras, it is of special significance that his exposure to psychiatric treatment over a period of many years was made known to defense counsel by the Government prior to trial. In fact the psychiatrist was interviewed by defense counsel shortly after the indictment was returned. Against this factual background, the district court, in denying a new trial, properly exercised its discretion [5] in refusing to equate the incompetence claim of Nestor Vowteras with "newly discovered evidence." [6]

■ With respect to the claim that Nestor Vowteras' alleged incompetence should have required a hearing pursuant to 18 U.S.C. § 4244, it is sufficient to note that the court below had no "reasonable ground" for believing he was incompetent and was, therefore, under no obligation to hold a hearing.[7] The observations of the appellant by the trial court,[8] as well as the appellant's longstanding and successful contacts with his business, his family and the community, substantially undermine any possible inference that there was reasonable ground to invoke the procedures of 18 U.S.C. § 4244.[9]

The judgments of conviction are affirmed.

---

trial he was provided with Nestor Vowteras' post-arrest statement which contained explicit references to his history of treatment. Nestor Vowteras, who never took the stand, apparently makes no claim of prejudice other than to argue that he was incompetent to "waive" separate counsel. *See* text accompanying note 9, *infra. See generally* Schwartz, Circumstances Giving Rise to Conflict of Interest Between or Among Criminal Codefendants Precluding Representation by Same Counsel, 34 A.L.R.3d 470 et seq. (1970).

5. United States v. Silverman, 430 F.2d 106, 119–120 (2d Cir. 1970), cert. denied, 402 U. S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971).

6. *See* United States v. Soblen, 203 F.Supp. 542, 565 (S.D.N.Y.1961), aff'd, 301 F.2d 236, 242 (2d Cir.), cert. denied, 370 U.S. 944, 82

S.Ct. 1585, 8 L.Ed.2d 810 (1962); United States v. Passero, 290 F.2d 238, 244 (2d Cir.), cert. denied, 368 U.S. 819, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961).

7. United States ex rel. Roth v. Zelker, 455 F.2d 1105, 1108 & n. 2 (2d Cir.), cert. denied, 408 U.S. 927, 92 S.Ct. 2512, 33 L.Ed.2d 340 (1972); United States v. Knohl, 379 F.2d 427, 435 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967).

8. *Cf.* Zovluck v. United States, 448 F.2d 339, 342–343 (2d Cir. 1971); Bell v. United States, 265 F.Supp. 311, 314, 318 (N.D. Miss.1966), aff'd, 375 F.2d 763, 764 (5th Cir. 1967).

9. This conclusion applies equally to Nestor Vowteras' claim that he was incompetent to "waive" separate counsel.