**UNITED STATES of America,
Appellee,**

v.

**Salvatore POLISI, Appellant.**

**No. 782, Docket 74–2656.**

United States Court of Appeals,
Second Circuit.

Argued March 21, 1975.

Decided April 8, 1975.

---

Gerald L. Shargel, New York City (La-Rossa, Shargel & Fischetti, New York City, on the brief), for appellant.

Steven Kimelman, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, and MacMAHON, District Judge.*

IRVING R. KAUFMAN, Chief Judge:

Whether a psychiatric examination conducted pursuant to 18 U.S.C. § 4208(b) may be taken to satisfy a defendant's subsequent request for a determination of competence to stand trial is the relatively simple question we are called upon by this case to decide. Salvatore Polisi appeals from a judgment of conviction for two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d). We reverse.

Salvatore Polisi and Edward Pravato robbed a Queens branch office of the Franklin National Bank on May 3, 1971. After several adjournments and a three-day jury trial, the two men were convicted on March 22, 1974.[1] Polisi was identified by two tellers who had seen the robbery, and he presented no witnesses on his own behalf. He took the stand only momentarily, outside the presence of the jury, to testify that he had not attempted to distort his features for post-arrest photographs taken by the F.B.I.

When Polisi appeared for sentencing before Judge Neaher on May 31, 1974 the Government presented a presentence report which indicated that he had been discharged from the Marines after a diagnosis of "pericarditis . . . and emotionally unstable personality." The report also stated that

Defendant, as of April 3, 1974, has been receiving medication on an outpatient basis from the Veterans Administration, New York City. Their records indicate that the defendant has a service-connected disability for chronic brain syndrome associated with trauma with psychotic (schizophrenic) reaction, one hundred percent disability from November 18, 1966.

Noting that Polisi seemed to have both emotional and mental problems, Judge Neaher committed him pursuant to 18 U.S.C. § 4208(b)[2] for more detailed information as a basis for determining the sentence to be imposed.

Polisi appeared for resentencing on December 13, 1974. Moments before the proceedings began, the Government presented his counsel with the results of the § 4208(b) examination. This consisted of a staff evaluation, and a psychiatric examination by Dr. Milton Schmidt, Staff Psychiatrist at the Lewisburg, Penna., Penitentiary. The staff evaluation indicated that the Franklin National Bank robbery was part of a continuing

---

* Of the Southern District of New York, sitting by designation.

1. Pravato's conviction was affirmed in United States v. Pravato, 505 F.2d 703 (2d Cir. 1974).

2. That section provides:

   If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study . . . shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports . . . the court may in its discretion [place the prisoner on probation, or affirm or reduce the sentence originally imposed].

emotional deterioration which had been going on since 1965. Noting Polisi's long history of emotional problems requiring chronic outpatient psychiatric care, the evaluation found that "his physical and mental condition would appear to preclude any type of programming other than psychotherapy."

The psychiatric examination by Dr. Schmidt concluded that there was no evidence of overt delusional thinking, but diagnosed Polisi as a "chronic undifferentiated schizophrenic with a passive dependent personality disorder and with sociopathic tendencies." Dr. Schmidt prescribed heavy doses of Thorazine, as well as Elavil, an antidepressant.

Relying on the information in the § 4208(b) report, as well as the presentence report, Polisi's counsel moved for the first time at resentencing to set aside the verdict, or alternatively for a hearing on the question of mental competence. See 18 U.S.C. § 4244 (1970). The information in those documents, it was argued, provided reasonable cause for believing not only that Polisi was then incompetent, but that he had been so as well at the time of trial and the original sentencing proceeding, and perhaps at the time the robbery was committed. The district court denied the motion. It found that, although Polisi undoubtedly would benefit from psychiatric care, there was nothing in either the presentence report or the § 4208(b) study to indicate mental incompetence at the time of the crime or during any subsequent proceedings. Polisi was resentenced to eight years' imprisonment. See 18 U.S.C. § 4208(b).

Polisi's sole claim on this appeal is that the district court erred in failing to hold an evidentiary hearing on the question of mental competence, or at least to order an examination pursuant to 18 U.S.C. § 4244, since the information in the presentence report and the § 4208(b) study provided reasonable cause to believe he may have been incompetent during the commission of the crime, or at the time of the trial and sentencing proceedings.

A federal defendant's right to either a hearing or an examination to determine mental competence after arrest and prior to the imposition of sentence is governed by § 4244. That section provides that upon a motion setting forth

reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense . . . the court shall cause the accused . . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. . . . If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto.

The Government argues that Polisi's right to a psychiatric examination has already been satisfied by Dr. Schmidt's § 4208(b) study, and that neither that study nor the presentence report indicates such incompetence as would justify a hearing. The distinction between a § 4208(b) study and a § 4244 examination, however, is not one which concerns the type of procedures employed—a psychiatric examination may be given in either case—but one of the findings to be made. Section 4208(b), included as part of Title 18, ch. 311 (Parole), is intended to provide the sentencing judge with "more detailed information as a basis for determining the sentence to be imposed." § 4208(b). Accordingly, the court receives from the Director of the Bureau of Prisons a report on the prisoner's mental and physical health, social background, and such other factors as may be considered pertinent. § 4208(c). The most evident purpose of any psychiatric examination which might be conducted pursuant to that section is to determine the rehabilitative treatment appropriate

in light of the prisoner's general mental state. Thus Dr. Schmidt's report concluded:

> Whether he is paroled or not, I think some chronic out-patient psychiatric care is indicated for support and I would imagine that medication will be necessary for at least some period of time.

Similarly, the staff evaluation found that "his physical and mental condition would appear to preclude any type of programming other than psychotherapy."

Section 4244, on the other hand, is found in Chapter 313 of Title 18, dealing with Mental Defectives. Quite unconcerned with either treatment or a defendant's general mental state, its focus is very specific: whether a defendant's particular psychiatric or mental problem for any reason renders him incompetent to understand the judicial proceedings then underway against him, or to assist in his own defense. Van de Bogart v. United States, 305 F.2d 583, 587–88 (5th Cir. 1962).[3]

■ We by no means intend to indicate that a psychiatric examination conducted pursuant to a § 4208(b) commitment can never be taken to satisfy a defendant's subsequent request for a § 4244 study. In this case, however, Dr. Schmidt—for quite understandable reasons—made no attempt to relate Polisi's "chronic undifferentiated schizophrenia", or the "chronic brain syndrome associated with trauma with psychotic (schizo-phrenic) reaction" referred to in the presentence report, to his ability to understand and assist at the trial and sentencing proceedings. Since we find that the evidence of the appellant's psychiatric history in the presentence report, coupled with the conclusions of the § 4208(b) study, at least provided the reasonable cause required by § 4244, we conclude that the failure to determine that issue was erroneous.[4]

■ Polisi also claims that the reports introduced at the two sentencing proceedings provide a basis for concluding that he was incompetent under the relevant standard, see United States v. Freeman, 357 F.2d 606 (2d Cir. 1966), at the time he committed the robbery on May 3, 1971. Although the defense of insanity was not raised at trial, Polisi may not, as the preceding discussion has made clear, have been competent to bring it to the court's attention. Moreover, the evidence upon which his counsel made the motion below was not received until several months after the verdict. Thus this issue as well should properly be determined upon remand.

We leave to the district court the decision whether to order a new psychiatric examination pursuant to § 4244, or to proceed directly with a hearing. Because Polisi has already been examined once, it may be that the latter would prove the more expeditious procedure.

Reversed.

---

3. Wolf v. United States, 430 F.2d 443 (10th Cir. 1970), and United States v. Dillinger, 341 F.2d 696 (4th Cir. 1965), are not contrary to this interpretation. In *Wolf*, the appellant was given a second psychiatric examination and a hearing at the time of his § 2255 motion. 430 F.2d at 444. And the *Dillinger* court merely made the factual determination that "the record contains no basis for a conclusion that an examination under § 4244 . . . would be more appropriate" than the § 4208(b) examination was. 341 F.2d at 699.

4. The conclusion of this court that the facts in United States v. Vowteras, 500 F.2d 1210 (2d Cir. 1974), did not establish such reasonable cause is not contrary to our determination of this issue. In *Vowteras* the court stressed the importance of the observations of Nestor Vowteras by the trial court, as well as the appellant's "long-standing and successful contacts with his business . . . .." *Id.* at 1212. Neither factor is present in the instant case.