21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth R. MARSHALL, Petitioner-Appellant,
v.
Attorney General of the State of Oklahoma, Earl ALLEN
Warden, Respondents,-Appellees.
 No. 93-5063.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Kenneth R. Marshall appeals from the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We affirm.
 
 
 4
 Petitioner was convicted of first degree murder in Oklahoma state court pursuant to a plea bargain, and was sentenced to life imprisonment. He did not directly appeal his conviction. Petitioner's two post-conviction challenges to his conviction in the Oklahoma Court of Criminal Appeals were both denied. Petitioner filed a petition for habeas corpus relief in federal district court, raising several issues including the issue of his competency to enter a guilty plea. The district court found that the competency question was unexhausted, but reached the merits of petitioner's remaining issues. Petitioner then filed another request for post-conviction relief in state court, raising the competency issue. The Oklahoma Court of Criminal Appeals denied this request as procedurally barred.
 
 
 5
 Petitioner then filed a second petition for habeas corpus relief in federal court. On respondents' motion, the district court initially dismissed the petition as successive, but subsequently reversed that decision and ordered respondents to respond. The district court ultimately concluded that petitioner was competent to enter his guilty plea and denied the petition. It is from this order that petitioner appeals.
 
 
 6
 Petitioner contends that the state court violated his due process rights by failing to follow adequate procedures in determining whether he was competent to enter a guilty plea. The transcript of the plea hearing belies this contention.
 
 
 7
 The Supreme Court has held that the standard for determining competence to enter a guilty plea is the same as that required to determine competence to stand trial. Godinez v. Moran, 113 S.Ct. 2680, 2685-86 (1993). It must be determined that a defendant has " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " Id. at 2685 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)(per curiam)); see also Wolf v. United States, 430 F.2d 443, 444 (10th Cir.1970).
 
 
 8
 Under Oklahoma law, when accepting a guilty plea, "[t]he trial court must first determine if the defendant is competent by appropriate interrogation of the defendant, and his defense counsel, ... regarding the defendant's past and present mental state as well as by the defendant's demeanor before the court[.]" King v. State, 553 P.2d 529, 534 (Okla.Crim.App.1976). The Oklahoma trial courts should follow the King guidelines in establishing a proper record for review of the validity of a guilty plea. Ocampo v. State, 778 P.2d 920, 923 (Okla.Crim.App.1989). However, the King criteria should not be applied in a ritualistic manner, but instead, the validity of a guilty plea should be determined in light of the entire record. Id. at 922. The court in Ocampo also held that a defendant is presumed to be competent unless the issue of competency is raised by defense counsel or questioned by the court. Id.; see also Doyle v. State, 785 P.2d 317, 326 (Okla.Crim.App.1989).
 
 
 9
 Contrary to petitioner's assertions, the record in this case affirms that the trial court thoroughly inquired into petitioner's competency and his understanding of the proceedings. Petitioner replied affirmatively when the court asked if he was entering into the plea "freely, understandingly and voluntarily." R. Vol. I doc. 12, Trans. of Sentencing at 6. Petitioner responded that he had not taken any drugs or other substance which would impair his ability to understand the proceedings. Id.
 
 
 10
 In January 1980, following his arrest for murder, petitioner was hospitalized for observation and evaluation. Id. exh. 2. The examining forensic psychiatrist, Dr. R. D. Garcia, noted that petitioner knew the nature of the charges against him and the purpose of the hospitalization. Id. His answers to the "competency questionnaire" were appropriate and evinced an understanding of the trial proceedings. Id. Although petitioner expressed some distrust of his attorney, he was able to talk about the trial with an understanding of the charges and the possible consequences. Id. He was diagnosed as an antisocial personality with retained alcohol addiction. Id. During the plea hearing, petitioner stated that he had never been "under the care of a psychiatrist or committed to a mental institution" other than when he was hospitalized by the state. Id. at 6-7. The record in this case clearly establishes that petitioner did not otherwise raise the issue of his competency in the trial court proceedings.
 
 
 11
 Petitioner appears to believe that he was entitled to a separate hearing to determine his competency to enter a guilty plea. However, a trial court is only obligated to order a competency hearing if it has information which would raise a "bona fide doubt" about the defendant's competency United States v. Newman, 733 F.2d 1395, 1400 (10th Cir.1984); Wolf, 430 F.2d at 444. Both petitioner and defense counsel were aware of the psychiatrist's determination that petitioner was competent and failed to present any argument or evidence to rebut the findings. See Doyle, 785 P.2d at 325. The holding in Doyle is consistent with Okla. Stat. tit. 22, 1175.4(B) wherein the defendant is presumed to be competent, and the defense has the burden of proof and the burden of presenting rebuttal evidence. Id. at 326. Therefore, under Oklahoma law, petitioner's right to further hearing on his competency was waived. Id. at 325.
 
 
 12
 The trial court thoroughly queried both petitioner and his counsel as to petitioner's ability to appreciate and understand the nature, purpose, and consequences of the guilty plea. Based upon petitioner's responses at the plea hearing and counsel's representations to the court, we conclude that the trial court, in accordance with King, fully inquired as to petitioner's mental state and competence. Therefore, petitioner's assignment of error is without merit.
 
 
 13
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470