**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN ARTHUR MAFFE,

Petitioner-Appellant,

v.

H.N. SCOTT, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 99-7079

(D.C. No. 97-CV-252-S)
(E.D.Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY, ANDERSON** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Brian Maffe seeks a certificate of appealability to appeal the district

court's denial of his motion for habeas corpus relief under 28 U.S.C. § 2254. We

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

deny a certificate of appealability and dismiss the appeal.

I.

In November 1989, Maffe entered an *Alford* plea to one count of first degree rape, two counts of forcible sodomy, and two counts of lewd molestation. A plea agreement provided that the State would recommend a sentence of twenty years in prison. In January 1990, the trial court sentenced Maffe to a life sentence on the rape count and fifteen years on each remaining count, to run concurrently. Maffe was resentenced in July 1990 because he had not been told of his right to appeal. At that time, the trial court denied Maffe's request to withdraw his plea.

Maffe appealed to the Oklahoma Court of Criminal Appeals, arguing that (1) the trial court erred in not allowing him to withdraw his plea when it rejected the State's twenty-year sentence recommendation; (2) the trial court erred in finding him competent to enter a plea without ordering a competency evaluation; and (3) he received ineffective assistance of counsel. The Court of Criminal Appeals found the trial court adequately advised Maffe that it was not bound by the plea agreement, that the trial court did not err in finding Maffe was competent to enter a plea, and that Maffe's trial counsel was not ineffective. The court then denied Maffe's motion to withdraw his plea.

Maffe filed his § 2254 petition, seeking to withdraw his guilty plea and

2

contending (1) he was denied the fruits of his plea bargain and the right to withdraw his plea; (2) he was not mentally competent to enter a guilty plea; and (3) he received ineffective assistance of counsel at sentencing. The district court adopted the magistrate judge's findings and recommendations and denied Maffe's § 2254 petition. The district court did not act on Maffe's request for a certificate of appealability and we deem it denied. See General Order of October 1, 1996.

## II.

In reviewing a denial of a § 2254 petition, we review legal conclusions de novo and accept a state court's factual findings as correct unless they are not fairly supported by the record. Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995).

Maffe argues he did not receive the benefits of his plea agreement and he was denied the right to withdraw his guilty plea. "[T]he withdrawal of a guilty plea before sentencing is not a matter of right, but a matter of discretion, and . . . the test for review of an order denying a motion to withdraw a plea of guilty is whether such action, on the basis of the record, constitutes an abuse of discretion." United States v. Vidakovich, 911 F.2d 435, 439 (10th Cir. 1990).

The trial court explained the possible sentences to Maffe at the plea hearing. Maffe stated he understood that the court was not bound by the State's recommendation. The court informed Maffe that he could be sentenced to less

3

than twenty years, or "you could leave this courtroom with 50 or 60 or 70 years to do." Plea Transcript at 34. Maffe stated he understood. The trial court repeatedly asked Maffe if he understood that he was not guaranteed a twenty-year sentence. Maffe stated he still wanted to enter a plea of guilty. Maffe did not seek to withdraw his plea until he was resentenced. The transcript of the plea hearing shows that Maffe was adequately informed of the consequences of his plea. The trial court did not abuse its discretion in refusing to allow Maffe to withdraw his plea.

Maffe contends the trial court erred in finding he was mentally competent to enter a plea. "'The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense.'" Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995) (quoting Wolf v. United States, 430 F.2d 443, 444 (10th Cir. 1970)). "'In a federal habeas proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea.'" Id. (quoting Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990)). "We review the district court's finding that a federal habeas petitioner convicted in state court was competent to plead guilty for clear error." Id.

At the plea hearing, the trial court repeatedly asked Maffe if he understood

4

the proceedings. Maffe stated he was taking Lithium and Thorazine. The court asked if it impaired his ability to understand what was going on around him, and he replied "No, sir." Plea Transcript at 8. The court asked Maffe to describe his present mental state and Maffe replied, "I can understand what's going on, Your Honor. I am depressed, but I can understand" Id. at 9. In response to questions by the court, Maffe's attorney stated it was his "considered opinion, without any reservation, that [Maffe] has an awareness of the matters at hand and he has cooperated with me and had input into our preparation for the presentation to Your Honor at this time." Id. at 10. Maffe's father stated he had no doubt that Maffe was making a clear, intelligent decision to plead guilty, and that the Thorazine did not affect Maffe's mental demeanor. Maffe's mother stated Maffe was "very aware of what's going on." Id. at 12. We find no clear error in the court's determination that Maffe was competent to plead guilty.

Finally, Maffe claims he received ineffective assistance of counsel, a claim which we review de novo. Boyd v. Ward, 179 F.3d 904, 913 (10th Cir. 1999). To establish ineffective assistance of counsel, Maffe must "prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Maffe must overcome the presumption that counsel's conduct was constitutionally effective. Id. at 914.

5

Maffe argues his counsel was ineffective in explaining the ramifications of an *Alford* plea. When asked by the trial court at the plea hearing whether he understood the nature of his *Alford* plea, Maffe stated he was entering a plea and not admitting guilt. In response to the court's inquiries, Maffe stated he had no questions about the proceedings and that he had no complaints about his attorney. The trial court informed Maffe he would be found guilty if it accepted his plea. The district court found the state court's determination was consistent with clearly established federal law and not based on an unreasonable determination of the facts. We are likewise convinced that Maffe received effective assistance of counsel.

III.

We DENY Maffe a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6