**UNITED STATES of America,**
Appellee,

v.

Derreck **GABB,** a/k/a "Wiz," a/k/a "Joshua Burke," a/k/a "Anthony Richard March," Defendant–Appellant.

No. 02–1273.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2003.

David E. Liebman, New York, NY, for Appellant.

Michael Y. Scudder, Jr., Assistant United States Attorney (James B. Comey, United States Attorney, Christine H. Chung, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Gabb appeals from the Memorandum and Order of the district court of the Southern District of New York (Loretta Preska, *District Judge*) denying Gabb's pre-sentence motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Judge Preska personally conducted a colloquy with the appellant on September 14, 2000, and found him competent to waive his right to a jury trial. She also conducted a four-day bench trial commencing on October 3, 2000, after which she found Gabb guilty of one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of PCP in violation of 21 U.S.C. §§ 841(1)(A) and 846, and one count of illegal reentry into the United States after having been deported for conviction of an aggravated felony without consent of the Attorney General.

In January 2001, Judge Preska received a letter from the Warden of Metropolitan Correctional Center informing the court that Gabb had been prescribed medication that "may alter [his] courtroom behavior," and on April 24, 2001, the district court ordered Dr. Lauri Liskin to conduct a psychiatric evaluation of Gabb. Based on interviews with Gabb, counsel, and others, the report concluded that Gabb was suffering from untreated (and unspecified) psy-

chiatric illness owing to chronic use and subsequent discontinuation of the use of PCP, marijuana, and alcohol, along with a chronic pain disorder caused by two separate gunshot wounds sustained in the neck and face, and that, as a consequence, he had been unfit to proceed to trial in October 2000.

On July 30, 2001, Gabb moved for a new trial, contending that "newly discovered evidence of [his] psychological and physical condition prior to and during his trial ... rendered him incapable of assisting in his defense and [thus] incompetent to stand trial." Judge Preska rejected Gabb's motion, notwithstanding Dr. Liskin's report, based on her contemporaneous assessment of Gabb's competency and the fact that the report was based on contact with Gabb seven months after completion of his trial. On appeal, Gabb argues that Judge Preska abused her discretion in not ordering a competency hearing pursuant to 18 U.S.C. § 4241(a), which requires such a hearing when the court determines there is "reasonable cause" to believe that defendant is incompetent to proceed. Because we defer to the district court's assessment of whether "reasonable cause" existed to trigger the hearing requirement, we affirm.

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420

U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In service of this principle, 18 U.S.C. § 4241(a) provides that, at any time prior to sentencing, the district court, upon its own motion (or that of the defense or prosecution), shall order a hearing to determine the mental competency of the accused if there is "reasonable cause" to believe that the defendant may be unable to "understand the nature and consequences of the proceedings against him or to assist properly in his defense." "Determination of whether there is 'reasonable cause' to believe a defendant may be incompetent rests in the discretion of the district court." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir.1986) (citing *United States v. Oliver*, 626 F.2d 254, 258 (2d Cir.1980); *Newfield v. United States*, 565 F.2d 203, 206 (2d Cir.1977)). Furthermore, courts have always recognized the inherent difficulties in retrospective competency evaluations-like the one necessarily at issue here where the psychiatric report was issued ten months after conviction-and have disfavored them. *See Drope*, 420 U.S. at 183; *Pate v. Robinson*, 383 U.S. 375, 387, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Indeed there is a question whether § 4241 even applies to retrospective competency evaluations.[1] We assume for the purposes of this summary order, without deciding, that it does.

Gabb contends that the district court abused its discretion by not ordering a

---

1. 18 U.S.C. § 4241(a) states:
   At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own, if there is reasonable cause to believe that the defendant may *presently* be suffering from a mental

disease or defect rendering him incompetent ... (emphasis added).
Gabb concedes that, by the time of his presentence motions, he was not "presently" suffering from any defect. We can find no case in any circuit that requires courts to grant such motions or hold *sua sponte* competency hearings to assess retrospectively a previous incompetence-one that defendant concedes is no longer presently relevant because it is controlled with voluntary medication.

competency hearing in compliance with the requirements of 18 U.S.C. § 4241. He maintains that the conclusions of Dr. Liskin obligated the court to undertake further inquiry of his competence, even if it did not provide a basis for granting his Rule 33 motion for a new trial. As we wrote in *Nicks v. United States*, 955 F.2d 161, 168 (2d Cir.1992), "a hearing must be held when there is a reasonable ground for a district court to conclude that the defendant" may be incompetent to stand trial; there is "an affirmative obligation on the part of the trial court to order a competency hearing when warranted by the evidence." *Id.* (citations omitted). Appellant seeks a remand to the district court to conduct the competency hearing and, then, re-consider his motion for a new trial pursuant to Rule 33.[2]

It is the settled law of this circuit that with regard to the threshold "reasonable cause" finding for § 4241 purposes, "deference is owed to the district court's determinations based on observation of the defendant during the proceedings." *Vamos*, 797 F.2d at 1150 (citing *Oliver*, 626 F.2d at 258–59; *United States v. Vowteras*, 500 F.2d 1210, 1212 (2d Cir.1974)). Nevertheless, a district court must consider many factors when determining whether it has "reasonable cause" to order a competency hearing. *Drope*, 420 U.S. at 180. "The district court's own observations of the defendant's demeanor during the proceeding are relevant to the court's determination, but the court's observations alone

'cannot be relied upon to dispense with a hearing on that very issue' if there is substantial other evidence that the defendant is incompetent." *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002) (citing *Pate*, 383 U.S. at 386; *Vamos*, 797 F.2d at 1150). "A district court also often orders and reviews psychiatric records when determining whether to hold a hearing." *Quintieri*, 306 F.3d at 1233 (citing *Vamos*, 797 F.2d at 1150–51). But the question of competency and reasonable cause to doubt it must focus upon the defendant's abilities *at the time of trial*, not any conduct discovered or analyzed after the fact. *Vamos*, 797 F.2d at 1150–51.

In this case, the district court weighed many factors and presumptively concluded that there was no reasonable cause to hold a hearing to determine retrospectively whether the appellant was competent at the time of the trial.[3] During the course of the plea colloquy and the four-day trial, the court did not observe any unusual behavior by the defendant in the courtroom that would provide a basis for doubting appellant's competence. Additionally, since competency involves only "sufficient present ability to consult with [one's] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings," *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir.1995) (quoting *Dusky*, 362 U.S. at 402), failure by trial counsel to indicate the presence of such difficulties provides "sub-

---

2. Appellee chiefly argued a Rule 33 issue, that Judge Preska had discretion to deny the extraordinary remedy of new trial. But since the appeal's basis rests exclusively with the absence of a competency hearing, we do not see any need to rule on the propriety of the Rule 33 decision as a separate matter.

3. The district court made no explicit threshold "reasonable cause" determination. However, the court's opinion very plainly rejected any grounds for doubting the appellant's com-

petency at the time of trial. And while the statute requires a *sua sponte* competency hearing if there is reasonable cause, it does not require a *sua sponte* threshold determination with respect to reasonable cause. As Gabb concedes, he did not make a § 4241 motion for a hearing and there is sufficient basis in the district court opinion to satisfy us that the district court had reached the determination that there was no relevant reasonable cause.

stantial evidence" of the defendant's competence. *See United States v. Kirsh,* 54 F.3d 1062, 1071 (2d Cir.1995). Here, counsel neither moved for a competency hearing pursuant to § 4241 nor indicated to the court at the time of trial any grounds for doubting the defendant's competence. Moreover, by the time of sentencing, Gabb concedes that his drug regimen rendered him fully competent to proceed.

Indeed, contemporaneous with trial and pre-trial proceedings, Gabb's capacity to assist in his own defense was apparent to the trial court. In its Memorandum and Order, the district court found the appellant to be "active[ly] engage[d] in his case and ab[le] to consult with his attorney," citing a number of examples of his communications with the court and his lawyer. Because Gabb's conduct did not provide a reasonable basis for doubting his competence to stand trial and, to the contrary, indicated that he was an active participant in preparing his case, we reject the contention that the court was compelled to conduct a competency hearing at any time, including a traditionally disfavored retrospective one. *See Vamos,* 797 F.2d at 1151 (citing *Zovluck v. United States,* 448 F.2d 339 (2d Cir.1971)). That a psychiatric evaluation concluded that Gabb was incompetent at the time of trial is immaterial. *See Kirsh,* 54 F.3d at 1070–71. The district court's contemporaneous assessment of the appellant's competence can, within the discretion afforded to it, outweigh the reliability of a report produced by a psychiatrist who first met with the appellant seven months after conviction, such that the district court could find no reasonable cause to trigger the hearing requirement of § 4241.

We have considered appellant's arguments invoking *United States v. Saban–Gutierrez,* 783 F.Supp. 1538 (D.P.R.1991) and find them to be without merit. First, that case only shows that a district court has the discretion to grant (not that it must grant) competency hearings and order a new trial if it finds them to be indicated by a psychiatric evaluation performed after conviction and before sentencing. Second, *Saban–Gutierrez* is easily distinguishable because there the newly-discovered incompetency involved retardation, a condition which necessarily existed in previous months at trial; in the case before us, the pain and withdrawal causing the appellant's purported incompetency likely varied through time; the district court very well could have found that the pain, depression, and withdrawal symptoms did not render Gabb incompetent during the course of the trial.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**