14-2500-cr
*United States v. Simels*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand and fifteen.

Present:
> PETER W. HALL,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 14-2500-cr

ROBERT SIMELS

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Donald F. Samuel, Garland, Samuel & Loeb, P.C., Atlanta, GA. |
| For Appellees: | David C. James and Una A. Dean, Assistant United States Attorneys, of counsel, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY. |

_____

1

Appeal from an order of the United States District Court for the Eastern District of New York (Gleeson, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Robert Simels ("Simels") appeals the district court's order denying his Fed. R. Crim. P. 33 motion for a new trial. After a jury trial in 2009, Simels was convicted of conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(b)(1), (b)(2)(A), (k); eight counts of attempted obstruction of justice in violation of 18 U.S.C. § 1512(b)(1), (b)(2)(A); one count of bribery in violation of 18 U.S.C. § 201(c)(2); and one count each of importation and possession of electronic surveillance equipment in violation of 18 U.S.C. § 2512(1)(a), (b). He was sentenced principally to 168 months' incarceration, and we subsequently affirmed the judgment in all respects except his convictions of importation and possession of electronic surveillance equipment, which we vacated. *United States v. Simels*, 654 F.3d 161 (2d Cir. 2011). Simels filed a motion for a new trial under Rule 33 and a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied both motions and further declined to issue a certificate of appealability with respect to the 28 U.S.C. § 2255 motion. On appeal, Simels argues that the district court erred by finding that the 79 tape recordings were not newly discovered evidence, by finding that the recordings did not contain exculpatory information, and by not conducting an evidentiary hearing on his motion for a new trial. Simels also argues that the case should be remanded and reassigned to a different district judge because the trial judge was biased against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). Fed. R. Crim. P. 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." When deciding a Rule 33 motion, the "test is whether it would be a manifest injustice to let the guilty verdict stand." *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007) (quoting *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir. 1992)). Simels argues that the district court abused its discretion under both the newly discovered evidence standard and the *Brady* standard.

To obtain relief based on newly discovered evidence, Simels must show that 1) the evidence is newly discovered after trial, 2) the facts alleged support an inference that the defendant acted with due diligence to obtain the evidence, 3) "the evidence is material, 4) the evidence is not merely cumulative or impeaching, and 5) the evidence would likely result in an acquittal." *James*, 712 F.3d at 107 (internal quotation omitted). Evidence is not considered "new" if the defendant was aware of it prior to trial, *see United States v. Vowteras*, 500 F.2d 1210, 1212 (2d Cir. 1974), or it "could have been discovered by the defense before or during trial," *United States v. Zagari*, 111 F.3d 307, 322 (2d Cir. 1997). Evidence is material if it is "relevant to the merits of the case." *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999).

The district court did not abuse its discretion when it denied Simels's motion for a new trial because the 79 recordings at issue were neither newly discovered nor material. The government produced the recordings prior to trial, and those recordings were made available to the defendant's counsel, who had the opportunity to review them and request alterations to the protective order that precluded their disclosure to Simels. That Simels himself was barred from accessing the recordings does not now transform them into "new" evidence such that a new trial is warranted. Moreover, even if we consider the recordings as newly discovered evidence, they

3

were not material. The tapes were recorded for the purpose of investigating members of the Phantom Squad and contained de minimis information related to Simels. Contrary to Simels's argument, this absence of information is not relevant evidence with respect to the obstruction of justice or bribery charges that Simels was convicted of at trial. The district court did not abuse its discretion when it denied Simels's motion for a new trial.

Simels also argues that because the government used the protective order to withhold what he asserts is exculpatory information, the government violated his due process rights under *Brady v. Maryland*. 373 U.S. 83, 87 (1963). A *Brady* violation has three elements: [1] "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the [government], either willfully or inadvertently; and [3] prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). If the government fails to disclose favorable information it "will result in an order of retrial if the undisclosed information is 'material,' within the exacting standard of materiality established by the governing case law." *United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). In the *Brady* context, evidence is material if "there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different," *id.* (alteration in original) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995)), that is when the failure to disclose "undermines confidence in the outcome of the trial," *id.* at 165. Here, there was no *Brady* violation because the government disclosed the recordings, and the information on the recordings was not exculpatory or material. The fact that Simels was unable to listen to the recordings does not undermine our confidence in the outcome of the trial. In short, there is no "real concern that an innocent person may have been convicted." *United States v. McCourty*, 562

4

F.3d 458, 475 (2d Cir. 2009) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)).

Simels argues that the district court erred by not holding an evidentiary hearing before deciding the Rule 33 motion. We disagree. Based on Simels's own characterization of the recordings—that there was no evidence suggesting Simels was a member of the Phantom Squad—it was "not necessary to resolve . . . issues that might be the focus of an evidentiary hearing, [and thus] the district court did not abuse its discretion in refusing to conduct an evidentiary hearing." *United States v. White*, 972 F.2d 16, 22 (2d Cir. 1992).

We have considered all of Simels's remaining arguments and find them to be without merit. The decision of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5